Eastern District of Kentucky
FILED
JAN - 3 2007
At Ashland
LESLIE G. WHITAKER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-157-HRW

ROBERT E. SAUNDERS, JR.  PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

SAMUEL T. CURRIN, ET AL.  DEFENDANTS

Robert E. Saunders, who is confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a complaint asserting legal malpractice claims against the named defendants. The Clerk has classified this action as a civil rights claim falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff has filed a motion to proceed *in forma pauperis*, which will be addressed by separate order.

This matter is before the court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

This is a *pro se* proceeding and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the

plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## DEFENDANTS

The plaintiff has named Samuel T. Currin and Thomas G. Goolsby, of the "Currin Law Firm, PLLC, 620 Market Street, Wilmington, Delaware," as the defendants in this action. It would appear that these attorneys are engaged in the private practice of law in Delaware.

## CLAIMS

The plaintiff states that the named defendants recently represented him in a criminal case in the United States District Court for the Eastern District of North Carolina, Southern Division (*United States v. Robert E. Saunders*, 05-CR-00120-001, Hon. Terrance W. Boyle presiding).[1] The plaintiff's filings reveal that on March 29, 2006, he was convicted in the trial court of income tax evasion in violation of 26 U.S.C. §7261.

The plaintiff sets forth in his complaint a detailed accounting of how and why he contends the defendants committed legal malpractice during their representation of him in the trial court. He claims that the defendants' malpractice and substandard performance has caused him to suffer severe and ongoing depression for which he is being treated at FCI-Ashland. The Court will not elaborate on the specifics of the allegations, given the necessary procedural disposition of this

---

[1] The Court will hereafter refer to the federal court in North Carolina as "the trial court."

matter.[2]

## RELIEF

The plaintiff seeks $10,000,000.00 in damages.

## DISCUSSION
### 1. Improper Venue

The Court must first determine if it is even the proper venue in which to entertain the claims against the Delaware defendants. The plaintiff has not alleged that the Court has diversity jurisdiction under 28 U.S.C. §1332, but the Court will nevertheless consider whether that statute applies.[3] The party invoking federal jurisdiction bears the burden of proving diversity of citizenship. *Ray v. Bird & Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).

---

[2] The plaintiff did attach a paper copy of an on-line Associated Press story dated October 5, 2006. It states that Defendant Currin, a former United States Attorney, state judge, and state Republican chairman, pled guilty to charges related to tax fraud conspiracy. The story stated that Currin conspired to launder $1.45 million through his law firm's trust account and failed to report an offshore debit card account on his tax return.

[3] 28 U.S.C. §1332 states in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

- - - -

3

In order to establish jurisdiction in this Court based solely upon diversity of jurisdiction, the plaintiff would have to establish that he is a citizen of Kentucky and that the defendants are citizens of another state, *i.e.*, that they are "diverse" from each other. Diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996). Based upon the plaintiff's complaint, the defendants appear to be citizens of Delaware. Thus, under a diversity analysis, the question is whether the plaintiff is even a "citizen" of Kentucky.

A person's citizenship for purposes of diversity jurisdiction is his "domicile." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Domicile is determined by physical presence in a state *and* either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.1973) (emphasis added).

A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-incarceration domicile. *O'Brien v. Schweiker*, 563 F. Supp. 301, 302 (E.D. Pa. 1983). For examples of the factual query and evidence presented in prisoner cases, *see Stifel v. Hopkins*, 477 F.2d at 1124. *See also Bontkowski*, 305 F.3d 757, 763 (7th Cir. 2002) (where the prisoner made no allegations as to his own citizenship in the pleadings, the prisoner was a citizen of the state where he resided prior to incarceration on the premise that "incarceration in a state does not make one a citizen of that state"); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated); *Gatto v. Macmillan*, No. Civ.

4

A. 96-2910, 1996 WL 526854, at *1 (E.D.Pa. 1996) (prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated); *Tiuman v. Canant*, 1994 WL 471517 (S.D.N.Y. 1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes).

Under these standards, the plaintiff, who is merely confined in a federal prison in this district, would not be a "citizen" of Kentucky for purposes of establishing jurisdiction *solely* under the diversity statute, §1332. The Court must then examine the facts under 28 U.S.C. § 1331 in order to determine whether it would have jurisdiction over the claims.

This statute vests district courts with original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Under this statute, the focus would be on the strength of the connection, if any, of the named defendants to this district.

In order to comport with due process and "traditional notions of fair play and substantial justice," a defendant must have minimum contacts with a forum state in order to be brought before that state's district court. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316(1945). For a district court to find minimum contacts, "the Defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

To have such an expectation, a defendant must "purposefully avail [ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

5

protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). For claims founded on federal question jurisdiction (such as a claim falling under § 1331 (*Bivens*)), one must look to 28 U.S.C. §1391(b) which provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.*

In this action, there is no allegation that the named individual defendants fulfill subsection (1), *i.e.*, that they reside in the Eastern District of Kentucky. Nor is there any allegation that the "events or omissions" arose in the Eastern District of Kentucky, or that the defendants otherwise satisfy either statute's subsection (3). *See Barber v. Simpson*, 94 F.3d 648; 1996 WL 477005 (8th Cir. 1996) (table) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Thus, proper venue of this action is simply not in the Eastern District of Kentucky.

## 2. Transfer

When a civil action is brought in the wrong district, the court may dismiss it or transfer it to the proper district. 28 U.S.C. §1406(a). Additionally, 28 U.S.C. §1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." (Emphasis added).[4] The decision to dismiss or transfer a case under §1406(a) is "within the district court's

---

[4] Title 28 U.S.C. §1406(a) provides as follows:

sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

While the Court could transfer this proceeding, there is a question as to whether it should be transferred to: (1) North Carolina, where the plaintiff was prosecuted for income tax evasion and arguably where the alleged malpractice occurred, or (2) Delaware, where the plaintiff states that the defendants reside. The plaintiff, not this Court, must decide where to re-file his claims should he elect to do so. Accordingly, the Court will dismiss this action without prejudice to the plaintiff refiling his complaint in federal court in either North Carolina or Delaware.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     This action [06-CV-158-HRW] is **DISMISSED WITHOUT PREJUDICE**.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 2 day of January, 2007.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

---

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought. (Emphasis Added.)